## FITCH v. ARMOUR.

### (*Superior Court of New York City, General Term.* May 4, 1891.)

1. TRIAL—QUESTION FOR JURY.

    A statement by plaintiff's counsel, at the close of the evidence, that the only question in the case that could possibly go to the jury was as to the existence of a nuisance permitted by plaintiff, was an admission that the case embraced such an issue; and, there being proper evidence on that issue, the defendant was entitled to go to the jury upon it.

2. LANDLORD AND TENANT—REPAIRS.

    The landlord of a tenement is bound to keep in condition the pipes used in common by the occupants of one flat and those of the one above or below.

3. SAME—DEFAULT IN RENT—RELETTING—LIABILITIES.

    A provision in a lease was to the effect that in case of default on the part of the tenant the landlord might resume possession of the premises and relet the same for the remainder of the term, the tenant to make good any deficiency. Under said provision the landlord relet said premises to parties who failed to pay the rent. *Held* that, if the rent was not collected by any neglect of plaintiff, defendant was relieved to that extent.

4. SAME.

    In such case it was also proper to charge that the refusal of the plaintiff to let said premises to an actress only upon the ground that plaintiff was apprehensive that she might keep late hours and disturb the other tenants entitled the defendant to credit for the rent that would have been payable by her; and to refuse a request to charge in such case that the plaintiff had the same right to discriminate against said actress as if he were acting for himself; and to refuse a further request to charge that, if the plaintiff was of opinion that to rent the premises to said actress would lower their standard, he would be justified in refusing to do so.

Appeal from trial term.

Action by Benjamin Fitch against Paul J. Armour upon the covenants of a written lease. Plaintiff appeals from a judgment entered on verdict for defendant, and from order denying plaintiff's motion for new trial made upon the minutes.

Argued before SEDGWICK, C. J., and FREEDMAN and MCADAM, JJ.

*Abram Kling,* for appellant.   *C. Bainbridge Smith,* for respondent.

PER CURIAM.   The action was by the plaintiff as landlord to recover from the defendant as tenant upon the covenants of a written lease. It is not expedient to state in detail the defense as it appeared by the answer. Certain objections are taken on the appeal to the sufficiency of the answer to uphold certain defenses on which the defendant in fact prevailed on the trial, and in its omission to set up affirmative matter of which on the trial the defendant had the benefit. In the course of the testimony no objection was taken on the ground of the insufficiency of the answer, and when the case went to the jury there was no objection, and no allusion was made to that subject. The premises let were one floor in a house, the other floors of which were let to separate tenants. When the evidence was in, the plaintiff's counsel said to the court that he thought that the only question that could possibly go to the jury is as to whether the landlord maintained or allowed to exist on the premises, and outside of the premises occupied by the defendant, and over which the landlord has exclusive control, anything which would amount either to a nuisance, or which would interfere with the beneficial enjoyment by the tenant of the premises. This was not an admission by plaintiff's counsel that such question should be put to the jury, because it was made on a motion for a direction for a verdict in plaintiff's favor; but it was an admission that the case embraced such an issue; and, as there was proper evidence on the subject, the defendant was entitled to go to the jury upon it. The court made a proper charge on the subject, the plaintiff excepting only to a part of the charge, which was that the landlord was bound to keep in condition whatever pipes were used in common between the occupants of this flat and the occupants of the flats above; in other words, such as were not solely within the

control and in the sole use of the occupant of this flat, such pipes the land-lord was in duty bound to keep in repair.   This charge is supported by *Tall-man* v. *Murphy*, 120 N. Y. 352, 24 N. E. Rep. 716.   As the jury found for the defendant, there would be no use of going further, if there had not been other issues left to them, which may have been determined by them in favor of defendant, irrespective of the question of eviction.   The lease provided that in case of any default in any of the covenants the landlord might resume possession of the premises, and relet the same for the remainder of the term at the best rent he could obtain for the account of the tenant, who shall make good any deficiency.   After the defendant had left the premises, the plaintiff leased a part of them to Lyman and Young, for the sum of $300.   They had not paid this rent, and the judge charged that, if that rent was not collected by any neglect of the plaintiff, the defendant was to be credited with it.   The charge was correct, as under the cited provision the plaintiff was acting on account of the defendant, and was bound to use due diligence in renting and collecting rents.   The court also charged that the defendant should be credited with the amount of rent that would have been payable under a letting which the plaintiff might have made to a lady who offered to take a lease for the re-mainder of the term.   The only reason given by the plaintiff on the trial for not accepting her as tenant was that she was an actress, and although he him-self had no objection to her on that score, he believed that the occupancy might disturb other tenants in the building.   He could not foresee in what way, but his impression was that her hours would be naturally late, and he feared, as his tenants were domestic characters, it might disturb them.   This reason was without substance, for the plaintiff had no cause to believe the hour would be later than those of other ladies in the ordinary evening pleas-ures of the city; and, were they never so late, the coming in would not be at-tended with noise or anything else that might disturb the other occupants up-stairs.   As upon the plaintiff's testimony this was the only reason, she was to be deemed in all other respects a fit and responsible tenant, whose offer it was the duty of the plaintiff to the defendant to accept.   On this subject the plaintiff's counsel asked the court to charge that the plaintiff had the same right to discriminate as to the character of the tenant that he would let into the premises in place of the defendant that he had if it were not on defend-ant's account.   The request was not correct, for if the plaintiff were acting for himself, he could rightfully discriminate without sufficient reason.   If he acted on account of the defendant, he could rightfully discriminate only for sufficient reason.   The plaintiff also asked the court to charge that, if plain-tiff was of opinion that to rent these premises to an actress would lower their character or standard, or would be objected to be the other tenants, he was justified in declining to rent.   The first part of the request was inapplicable to the facts of the case, as the plaintiff had not refused on that ground.   As to the second part, a mere opinion, not supported by a reason for the opinion, would not be sufficient ground for rejection, as he was acting for defendant as well as for himself.   This is especially true when no inquiry, which might be made easily of the tenants, was made of them.   The judgment and order should be affirmed, with costs.